CITY OF PORTAGEVILLE, A CORPORATION, APPELLANT, v. D. R. HARRISON, COMMISSIONER OF FINANCE, IN CHARGE OF THE LIQUIDATION OF THE PORTAGEVILLE BANK, A CORPORATION, RESPONDENT.—63 S. W. (2d) 410).

Springfield Court of Appeals. August 19, 1933.

Motion for Rehearing denied, October 7, 1933.

28

*Ward & Reeves* and *O. A. Cook* for appellant.

*Merrill Spitler* for respondent.

SMITH, J.—This is a case in which the City of Portageville is seeking to have a claim allowed as a preferred claim against the Portageville Bank in liquidation.

The Portageville Bank, a banking corporation, was closed and placed in charge of the Commissioner of Finance of the State of Missouri on January 12, 1932, and is still in the course of liquidation. Thereafter, the city filed with and presented to the Commissioner of Finance on March 16, 1932, its claims for preference in the sum of $3471.77, being the amount of the public funds of the city in said bank at the time it was closed. The Commissioner of Finance allowed the claim as a common or general claim in the said sum of $3471.77, and thereafter filed said claim and his report, as provided by law, in the Circuit Court of New Madrid county. On October 6, 1932, the claim for preference was taken up and heard by the said circuit court and the circuit court by its finding and judgment denied and refused said claim for preference and allowed same as a general claim. Motion for a new trial was duly filed and, being overruled and exceptions duly saved; the cause is here for review by this court.

This case was tried in the circuit court upon admissions and oral testimony and the facts are undisputed and to the following effect: That A. W. Fields was at the time the bank closed its doors on January 12, 1932, and had been for a long time prior thereto, city treasurer of the City of Portageville, a city of the fourth class, and was also at all of said times the cashier of said Portageville Bank and as said city treasurer he deposited said public funds in the sum of $3471.77 in said Portageville Bank, and that amount remained deposited therein on January 12, 1932, and that he, as cashier of said bank, received and handled the deposit of said moneys in said bank, and that said bank was never at any time selected as a depository of said funds, and that there were sufficient funds on hand in said bank at the time it closed to pay said claim in full; and that the

said A. W. Fields, as city treasurer, had given to said city a bond which was in force at the time the bank closed in the sum of $2000, conditioned as follows:

"Now, Therefore, the condition of the foregoing obligation is such, that if the principal shall faithfully perform such duties as may be imposed on him by law and shall honestly account for all money that may come into his own hands in his official capacity during said term, then this obligation shall be void: otherwise it shall remain in force; provided however, that the surety shall not be liable hereunder for any loss of public money deposited by or in behalf of the principal with any bank when such loss is occasioned by the failure of such bank faithfully to account for and pay over such money on legal demand, any law, decision or statute to the contrary notwithstanding."

The City of Portageville in substance contends here that since the abovementioned bond contains the *proviso* against liability for a loss occasioned by the failure of a bank, that that is equivalent to giving no bond covering such a contingency, or in other words, it is contended that the treasurer did not give a bond for the payment of money that belonged to the city, since the treasurer had deposited the money in a bank that afterwards failed.

The commissioner contends here that the bond was in ordinary form, except for the *proviso*, and that it was in substantial compliance with the law, and that A. W. Fields was at the time of the closing of the bank the duly selected, qualified and acting treasurer of the city, and that since this deposit was made to the account of "A. W. Fields, Treasurer, City of Portageville," it was an ordinary checking account, and should be allowed only as an ordinary claim.

There seems to be no fixed rule to follow in determining when a claim shall be allowed as a preference. Each case must be determined upon the particular facts in that case.

There is no question in this case but that A. W. Fields had these funds, and that he deposited them with the bank, and that the bank had knowledge that he was purporting to deposit them as treasurer of such city.

This court held recently in the case of City of Doniphan v. Cantley, 52 S. W. (2d) 417, that under the facts in that case the city treasurer was not bonded, and since he was not, and the bank received from him a deposit with that knowledge, the bank was liable to the city, and the claim was allowed as a preference. We are still of the opinion that the holding there was proper.

We are confronted here with a situation in some respects similar to the situation in the Doniphan case. We think the *proviso* in the bond in this case can be construed in no other way than that it did not cover, so far as the surety on the bond was concerned, this money that was in the bank that failed.

This particular question will be found discussed more at length in

a companion case, No. 5263, City of Portageville v. Fidelity & Casualty Company of New York, in an opinion handed down by us at this term.

Section 6970, Missouri Statutes Annotated, 1929, provides that every officer of the city shall give bond "conditioned upon the faithful performance of his duty, and that he will pay over all moneys belonging to the city, as provided by law that may come into his hands." We fail to find a single exception in the above language, nor have we been cited, or found, a case where the courts have written an exception therein. This section of the statute provides that if any person elected or appointed to any office, fail to give the bond as therein required, his office shall be deemed vacant. Section 7042, Missouri Statutes Annotated, 1929, specifically provides that the treasurer shall pay over without exception, all moneys that come into his hands, and before entering upon his duties he must give bond.

The admitted facts in this case and the express provision in the bond show clearly that the treasurer did not execute a bond covering *all moneys* that came into his hands. There was clearly an exception, and that exception in this case is the money involved in this suit, and so far as this case is concerned we are fully convinced that the treasurer had not complied with the statutes in executing a bond covering these funds, and that the bank had knowledge of it, and that this case comes within the rule expressed in the City of Doniphan v. Cantley case, supra. Without citing other cases, we are basing this holding upon that case and the cases therein cited, and hold here that the trial court erred in not allowing this claim as a preference.

The judgment is accordingly reversed, and the cause remanded with direction that the circuit court enter up its judgment allowing plaintiff's claim as a preferred claim and that the same be paid in full out of the assets of the Portageville Bank. *Allen, P. J.,* and *Bailey, J.,* concur.